**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JEFFREY SCOLNICK on behalf of ) <br> themselves and all others similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PAYLESS SHOESOURCE, INC., ) <br> ) <br> Defendant. ) | Case No. 14-cv-13736 |

## CLASS ACTION COMPLAINT

Plaintiff Jeffrey Scolnick ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his counsel, brings this Class Action Complaint against Defendant Payless Shoesource, Inc. ("Defendant" or "Payless"). Plaintiff, on his own behalf and on behalf of a class of similarly situated individuals, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## I.   NATURE OF THE ACTION

1.    Mass. Gen Laws ch. 93 § 105(a) addresses and prevents the misuse and improper collection of personal identification information by retailers, and recognizes that there is no legitimate need to obtain such personal information from credit card customers except to the extent it is strictly necessary to complete the transaction.

2.    Specifically, Mass. Gen Laws ch. 93 § 105(a) states that:

> No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. Personal

identification information shall include, but shall not be limited
to, a credit card holder's address or telephone number.

3.     This action arises from Payless's violation of Mass. Gen Laws ch. 93 § 105(a)

through its practice of writing Plaintiff's and the Class members' personal identification

information (not required by the credit card issuer) on a credit card transaction form, within the

meaning of Section 105(a). This conduct constitutes violations of Mass. Gen Laws ch. 93A § 9.

4.     Accordingly, Plaintiff brings this action on behalf of the below-defined Class and

seek statutory damages pursuant to Mass. Gen Laws ch. 93A § 9, double or treble damages

pursuant to Mass. Gen Laws ch. 93A § 9, injunctive relief; and costs and attorneys' fees.

## II.     JURISDICTION AND VENUE

5.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). In the

aggregate, Plaintiff's claims and the claims of the other members of the Class exceed $5,000,000

exclusive of interest and costs, and there are numerous class members who are citizens of states

other than Payless' respective states of citizenship.

6.     This Court has personal jurisdiction over Payless because this action arises from

Payless' transaction of business in Massachusetts. This Court also has personal jurisdiction over

Payless because, at all relevant times, Payless was registered to do business in the State of

Massachusetts and is therefore subject to general jurisdiction in this State.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), (2) and

1391(c) as Payless is deemed to reside in this District because it is subject to personal

jurisdiction here; a substantial part of the events and/or omissions giving rise to the claims

emanated from activities within this District; and Payless conducts substantial business in this

District.

### III.   PARTIES

*Plaintiff*

8.      Jeffrey Scolnick is a natural person and citizen of the State of Massachusetts.

*Defendant*

9.      Payless is a corporation incorporated and existing under the laws of the State of Delaware with its principal place of business located at 3231 East 6th St., Topeka, Kansas 66601. Payless conducts business throughout the United States and Massachusetts. Pursuant to 28 U.S.C. 1332(c), Payless is a citizen of the States of Kansas and Delaware.

### IV.   FACTUAL BACKGROUND

*Payless's Unlawful Collection of PII*

10.      On December 6, 2011, October 27, 2012, and October 29, 2012, Plaintiff Jeffrey Scolnick shopped for and purchased items at a Payless retail store location in Natick, Massachusetts.

11.      To consummate his purchase, Plaintiff used his credit card as his chosen form of payment.

12.      While standing at the register, Payless requested that Plaintiff provide personal identification information, including his full and complete Zip Code, which Payless recorded on a credit card transaction form within the meaning of Mass. Gen Laws ch. 93 § 105(a).

13.      Payless continues to store Plaintiff's personal identification information, including his name, Zip Code, and credit card number, in its databases.

14.      The Supreme Judicial Court of Massachusetts has determined that a zip code constitutes personal identification information ("PII") within the meaning of Mass. Gen Laws ch. 93 § 105(a). *See Tyler v. Michaels Stores, Inc.*, 464 Mass. 492 (2013).

*Receipt of Unwanted Marketing Materials*

15.     Subsequent to Plaintiff's purchases at Payless – detailed above – Plaintiff received unwanted marketing materials from Payless via United States Mail.

*Payless Sells Consumers' PII for profit*

16.     Payless's website states that Payless sells consumers' PII – including Plaintiff's and the Class' PII – to third-parties for profit:

> We may also share your personal information with outside companies that perform services specifically for Collective Brands group. We may employ independent contractors, vendors and suppliers to provide specific services and products. For example, we may retain an outside company to create and distribute a direct mail or email offering.[1]

*Consumers Place a High Value on Their PII*

17.     At a Federal Trade Commission ("FTC") public workshop in 2001, then-Commissioner Orson Swindle described the value of a consumer's personal information as follows:

> The use of third party information from public records, information aggregators and even competitors for marketing has become a major facilitator of our retail economy.  Even [Federal Reserve] Chairman [Alan] Greenspan suggested here some time ago that it's something on the order of the life blood, the free flow of information.[2]

---

[1] *Payless ShoeSource Privacy Policy*,
http://www.payless.com/store/home/privacy.jsp;jsessionid=68FA138D0A091726F37F1AB5E73FA1B6.p
ss-app-06-p-app4 (last visited Aug. 29, 2013).
[2] *The Information Marketplace: Merging and Exchanging Consumer Data*,
http://www.ftc.gov/bcp/workshops/infomktplace/transcript.htm (last visited May 20, 2012).

18.     Though Commissioner Swindle's remarks are more than a decade old, they are even more relevant today, as consumers' personal data functions as a "new form of currency" that supports a $26 billion per year online advertising industry in the United States.[3]

19.     The FTC has also recognized that consumer data is a new – and valuable – form of currency. In a recent FTC roundtable presentation, another former Commissioner, Pamela Jones Harbour, underscored this point by observing:

> Most consumers cannot begin to comprehend the types and amount of information collected by businesses, or why their information may be commercially valuable. Data is currency. The larger the data set, the greater potential for analysis – and profit.[4]

20.     Recognizing the high value that consumers place on their PII, many companies now offer consumers an opportunity to sell this information to advertisers and other third parties. By making the transaction transparent, consumers will make a profit from the surrender of their PII.[5] This business has created a new market for the sale and purchase of this valuable data.[6]

21.     Consumers also ascribe economic value to the *privacy* of their PII. Studies confirm, for example, that "when [retailers'] privacy information is made more salient and accessible, some consumers are willing to pay a premium to purchase from privacy protective websites."[7]

---

[3] *See Web's Hot New Commodity: Privacy*, http://online.wsj.com/article/SB10001424052748703529004576160764037920274.html (last visited May 20, 2012).

[4] *Statement of FTC Commissioner Pamela Jones Harbour* (Remarks Before FTC Exploring Privacy Roundtable), http://www.ftc.gov/speeches/harbour/091207privacyroundtable.pdf (last visited May 20, 2012).

[5] *You Want My Personal Data? Reward Me for It*, http://www.nytimes.com/2010/07/18/business/18unboxed.html (last visited May 20, 2012).

[6] *See Web's Hot New Commodity: Privacy*, http://online.wsj.com/article/SB10001424052748703529004576160764037920274.html (last visited May 20, 2012).

[7] Tsai, Cranor, Acquisti, and Egelman, *The Effect of Online Privacy Information on Purchasing Behavior*, 22(2) Information Systems Research 254, 254 (June 2011).

22.     Consumers thus value their personal data highly, and place an economic value on the privacy of that data. In one prominent survey, when consumers were asked how much they valued their personal data in terms of its protection against improper access and unauthorized secondary use, they valued the restriction of improper access to their data at between $11.33 and $16.58 per website, and prohibiting secondary use to between $7.98 and $11.68 per website.[8]

23.     Thus, the question is not *whether* consumers value such privacy; the question is "*how much* [consumers] value" that privacy.[9]

## V.     CLASS ACTION ALLEGATIONS

24.     Plaintiff brings Count I, as set forth below, on behalf of himself and as a class action, pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as

> All persons from whom Payless requested and recorded personal identification information during a credit card transaction occurring in Massachusetts (the "Class").

Excluded from the Class are Payless and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

25.     Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of his claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

26.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).**  The members of the class are so numerous that individual joinder of all Class members is impracticable. On

---

[8] *Id.*

[9] Hann *et al.*, *The Value of Online Information Privacy: An Empirical Investigation* (Mar. 2003) at 2, *available at* http://www.comp.nus.edu.sg/~ipng/research/privacy.pdf (emphasis added) (last visited April 25, 2012).

information and belief, there are thousands of consumers who have been affected by Payless' wrongful conduct. The precise number of the Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Payless's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

27.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**   This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

      a.  whether Payless engaged in the conduct as alleged herein;

      b.  whether Payless' conduct constitutes violations of Mass. Gen Laws ch. 93 § 105(a) and Mass. Gen Laws ch. 93A § 9;

      c. whether Plaintiff and the other Class members are entitled to statutory, or other forms of damages, and other monetary relief and, if so, in what amount(s); and

      d.  whether Plaintiff and other Class members are entitled to equitable relief, including but not limited to injunctive relief and restitution.

28.     **Typicality – Federal Rule of Civil Procedure 23(a)(3).**   Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform misconduct described above.

29.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representatives of the Class because his interests do not conflict with the interests of the other Class members they seek to represent; he has retained counsel competent and experienced in complex class action litigation; and Plaintiff intends to prosecute this action

vigorously. The Class members' interests will be fairly and adequately protected by Plaintiff and their counsel.

30. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Payless has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class members as a whole.

31. **Superiority – Federal Rule of Civil Procedure 23(b)(3)**. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Payless, so it would be impracticable for Class members to individually seek redress from Payless's wrongful conduct.  Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates the potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.   CLAIMS ALLEGED

### COUNT I
**Violation of Massachusetts Unfair Trade Practices Act**
**Mass. Gen. Laws ch. 93A**
**(On behalf of Plaintiff and the Class)**

32. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33. Mass. Gen Laws ch. 93 § 105(a) provides:

> No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number.

34.     Payless is a corporation that accepts credit cards for retail transactions.

35.     Through the practices detailed above, Payless has violated, and continues to violate, Mass. Gen Laws ch. 93 § 105.

36.     Mass. Gen. Laws ch. 93 § 105(c) provides that: "Any violation of the provisions of this chapter shall be deemed to be an unfair and deceptive trade practice, as defined in section 2 of chapter 93A."

37.     Accordingly, Payless' violations of Mass. Gen Laws ch. 93 § 105 constitute unfair and deceptive trade practices within the meaning of Mass. Gen Laws ch. 93A § 2.

38.     Mass. Gen Laws ch. 93A § 9 provides:

> Any person … who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two … may bring an action in the superior court … for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper …. Any persons entitled to bring such action may, if the use or employment of the unfair or deceptive act or practice has caused similar injury to numerous other persons similarly situated and if the court finds in a preliminary hearing that he adequately and fairly represents such other persons, bring the action on behalf of himself and such other similarly injured and situated persons.

39.     Plaintiff and the members of the Class have been injured by Payless' collection of their Zip Codes in connection with their credit card transactions and resultant violations of Mass. Gen Laws ch. 93A § 9.

40.     <u>First</u>, Plaintiff and the Class have been injured because they have received unwanted marketing materials from Payless as a result of having provided their Zip Codes when using credit cards at Payless.  <u>Second</u>, Plaintiff and the Class have been injured by Payless' sale

of Plaintiff's and the Class' PII to third-parties, which was collected by Payless in violation of Mass. Gen. Laws ch. 93 § 105(c). And third, Plaintiff and the Class have been injured because Payless misappropriated their economically valuable PII without consideration.

41.    More than 30 days prior to filing suit, Plaintiff made a pre-suit demand pursuant to Mass. Gen Laws ch. 93A § 9(3) (the "93A Demand"), in which Plaintiff sought: class-wide relief limited to statutory damages of $25 pursuant to Mass. Gen Laws ch. 93A § 9, for each violation of Mass. Gen Laws ch. 93 § 105; injunctive relief; and reasonable attorneys' fees and costs. Payless did not accept the terms of this demand. A true and correct copy of the 93A Demand is attached here as Exhibit A.

42.    Payless' failure to accept the terms of this demand was made in bad faith, because Payless has knowledge or reason to know that the practice complained of does, in fact, violate Mass. Gen Laws ch. 93 § 105 and Mass. Gen Laws ch. 93A § 9, and that Plaintiff and the Class are entitled to the relief demanded as a matter of law.

43.    Accordingly, Plaintiff and the Class are entitled to double or treble damages as a result of Payless's bad faith violations of Mass. Gen Laws ch. 93A § 9.

## VII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, requests that the Court enter an order and judgment in her favor and against Payless as follows:

    a.    Certification of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3);

    b.    Designation of Plaintiff as representative of the propose Class and designation of Plaintiff's counsel as Class Counsel;

    c.    Declaration that Defendant's actions, as described herein, violate Mass. Gen Laws ch. 93 § 105 and Mass. Gen Laws ch. 93A § 9;

d. Awarding statutory damages of $25 pursuant to Mass. Gen Laws ch. 93A § 9, for each violation of Mass. Gen Laws ch. 93 § 105;

e. Doubling or trebling damages pursuant to Mass. Gen Laws ch. 93A § 9;

f. Enjoining Defendant's continued violations of Mass. Gen Laws ch. 93 § 105, pursuant to Mass. Gen Laws ch. 93A § 9;

g. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

h. Awarding Plaintiff and the Class pre- and post-judgment interest; and

i. Such other and further relief as may be just and proper.

Dated: September 30, 2014                    Respectfully submitted,

                                             By: _____
                                                 Attorney for Plaintiff
                                                 And the Proposed Putative Class

Joseph J. Siprut*
*jsiprut@siprut.com*
Brandon M. Cavanaugh
*bcavanaugh@siprut.com*
SIPRUT PC
17 North State Street, Suite 1600
Chicago, Illinois  60602
Tel:  312.236.0000
Fax:  312.948.9196

Alexander Shapoval (BBO# 654543)
*ashapoval@siprut.com*
SIPRUT PC
84 Winnisimmet Street
Chelsea, MA 02150
Tel: 617.889.5800
Fax: 617.884.3005

* *Pro Hac Vice* application to be submitted

4850-1951-1323, v.  1